IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**                                                    **Civil No. 1:25-CV-00423**

**CYNTHIA POBLANO,**

    **Defendant.**

## COMPLAINT

The United States of America, by and through its undersigned counsel, brings this action and alleges as follows:

1.      This is a civil action brought under the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. §§ 3001-3308 for a debt owed to the United States by Defendant Cynthia Poblano.

2.       Because this is a "Government Collection Action" to recover monies owed to a Governmental agency, this action should be excluded from Pretrial Case Management procedures as provided by Rule 16.3(a), D.N.M.L.R-Civ.16.3(a).

### JURISDICTION AND VENUE

3.       The Court has jurisdiction under 28 U.S.C. § 1345 because the United States is the Plaintiff.

4.      Venue is proper in this Court because Defendant Cynthia Poblano resides in the District of New Mexico. 28 U.S.C. § 1391(b)(1).

5.      Venue is proper in this Court because a substantial part of the acts or omissions giving rise to the claim occurred in the District of New Mexico. 28 U.S.C. § 1391(b)(2).

6.      That this action is brought be the United States of America with jurisdiction

provided by 28 U.S.C. § 1345.

<u>FACTUAL ALLEGATIONS</u>

7.      The Indian Health Service Scholarship Program (IHSSP) is authorized under

Section 104 of the Indian Health Care Improvement Act (P.L. 94-437), codified at 25 U.S.C. §

1613a, to provide a stipend, tuition, fees, etc., for individuals who attend health profession

schools and agree to serve upon graduation. In return for awards, applicants must agree to

provide health services in an Indian health program for a period of obligated service equal to one

year for each year of scholarship award received, with a minimum obligation of two years.

8.      On August 13, 2012, the Defendant Cynthia Poblano signed a United States of

Health and Human Services/Indian Health Scholarship Program Contract for Health Professions

for the school year of 2012-2013. A copy of the Indian Health Scholarship Program Contract

(IHSSP) is attached as Exhibit A.

9.      On July 23, 2013, Defendant Cynthia Poblano signed a second Indian Health

Scholarship Program Contract for School Year 2013-2014, a copy attached as Exhibit B.

10.     On July 25, 2014, Defendant Cynthia Poblano signed a second Indian Health

Scholarship Program Contract for School Year 2014-2015, a copy attached as Exhibit C.

11.     Defendant Cynthia Poblano received a total of $41,899.58 pursuant to the

contract.  A copy of the debt calculation showing the dates and amounts disbursed is attached as

Exhibit D**.**

12.     Defendant Cynthia Poblano failed to comply with the requirements of her IHSSP

contract because she did not complete the required service obligation.

13.     Because she did not complete the service obligation in compliance with her

IHSSP contract, all funds paid to her or on her behalf, plus damages and interest calculated

pursuant to 25 U.S.C. §§ 1613a(b)(5)(B) & 1616a(l), became a debt owed to the Federal Government. The debt was to be repaid within one year of the date of default, which was January 31, 2018, and the debt became delinquent as of January 31, 2019.

14.     On January 31, 2018, Defendant was notified by letter she had been placed in default of the conditions of her IHS Scholarship award and the debt was to be paid within 1 year from the date of default which was January 31, 2018.  Defendant Cynthia Poblano exceeded the allotted time frame of 90 days from graduation date of December 9, 2016 to schedule and take the LMSW exam. Defendant did not submit requested documents. On April 5, 2019, Defendant was notified by letter of her serious delinquency.

15.     Defendant Cynthia Poblano submitted several requests for reviews to waive or extend collections. On January 31, 2020, defendants' obligation was deferred for 6 months so defendant could pass her exams through June 9, 2020. On June 23, 2020, her obligation was extended for 6 months, through September 30, 2020. On October 1, 2020, a letter was sent to Defendant Cynthia Poblano regarding establishing a payment plan for the debt owed. Additional notifications and demand letters regarding indebtedness was sent on February 5, 2021, July 16, 2022 and November 23, 2023.

16.     A total of $2,515.69 in Treasury Offset Payment was received between September 4, 2019 through February 6, 2020. Defendant Cynthia Poblano has made $300.00 of voluntary payments between October 22, 2020 through January 27, 2021.

17.     Defendant Cynthia Poblano is indebted to the United States in the principal amount of $125,698.74, plus interest computed at the rate of 10.297% per annum in the amount of $142,496.46 through March 24, 2025, and interest thereafter on the principal at the rate of 10.297% per annum, or $35.46 per day from January 31, 2018 until the date of judgment.

Attached as Exhibit C is a Certificate of Indebtedness.

<u>CLAIM FOR RELIEF</u>

A.     Plaintiff requests Judgment against Defendant Cynthia Poblano in the principal amount of $125,698.74 and interest as of March 24, 2025 in the amount of $142,496.46, for a total due as of March 24, 2025 of $268, 195.20. Interest continues to accrue at $35.46 per day **from** January 31, 2018, for a total judgment of $268,195.20, plus $35.46 per day thereafter until date of judgment.

B.     Plaintiff further requests post-judgment interest pursuant to 28 U.S.C. § 1961, a filing fee in the amount of $350.00 pursuant to 28 U.S.C. § 2412(a)(2) and any further relief as this Court may deem just and appropriate.

Respectfully submitted,

RYAN ELLISON
United States Attorney

*/s/ Stephen R. Kotz 05/05/2025*
STEPHEN R. KOTZ
Assistant United States Attorney
201 3RD St. NW, Suite 900
Albuquerque, New Mexico 87102
(505) 346-7274

**INDIAN HEALTH SCHOLARSHIP PROGRAM CONTRACT**
**SCHOOL YEAR 2012-2013**
**HEALTH PROFESSIONS**

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES
PUBLIC HEALTH SERVICE
INDIAN HEALTH SERVICE

Section 104 of the Indian Health Care Amendments of 1988 authorizes the Secretary of Health and Human Services ("Secretary"), acting through the Indian Health Service, to provide applicants selected to be participants in the Indian Health Service Scholarship Program ("Scholarship Program") with scholarship awards as established under Section 338A. In return for awards, applicants must agree to provide health services in a manner determined by the Secretary for a period of obligated service equal to one year for each year of scholarship award received, or two years, whichever is greater. Section 338A requires applicants to submit with their applications a signed contract stating the terms and conditions of participation in the Scholarship Program. The Secretary shall sign only those contracts submitted by applicants who are selected for participation.

The terms and conditions of participating in the Scholarship Program for the 2012-2013 school year are set forth below.

**Section A -- Obligations of the Secretary**

Subject to the availability of funds appropriated by the Congress of the United States for the Scholarship Program and the Indian Health Service ("IHS"), the Secretary agrees to:

1. Provide the undersigned applicant ("applicant") with a scholarship award for the school year 2012-2013 during which the applicant:
   a. is enrolled, or is accepted for enrollment in an accredited (as determined by the Secretary) educational institution in one of the several States, the District of Columbia, the Commonwealth of Puerto Rico, the Commonwealth of the Northern Mariana Islands, the Virgin Islands, Guam, or American Samoa, and
   b. is pursuing a course of study leading to a degree in medicine, osteopathy, dentistry, or other health profession which has been approved by the Secretary for participation in the Scholarship Program.
   The scholarship award may consist of payments, in whole or in part, for tuition, an amount of all other reasonable educational expenses incurred by the student, and a monthly stipend for the 12-month period beginning with the first month of each school year in which the applicant is a participant in the Scholarship Program.

2. Utilize the applicant to provide health services in accordance with Section B(4) of this contract.

3. Defer performance of an applicant's period of obligated service if the applicant: (1) receives a degree from a school of medicine, osteopathy, dentistry, nursing, optometry, podiatry or pharmacy, and (2) requests a deferment of this period to complete internship, residency or other advanced clinical training. The period of deferment may not exceed: (1) five years for applicants receiving a degree from schools of medicine, osteopathy, podiatry, social work, or clinical psychology; or (2) one year for applicants receiving a degree from schools of dentistry, nursing, optometry, or pharmacy. The Secretary may, however, extend this period of deferment if the Secretary determines that the extension is consistent with the needs of the IHS.

4. Release the Applicant from all or part of his or her service obligation to enter into the full-time private practice of the applicant's health profession where the provisions of Section 338C of the Public Health Service Act, 42 U.S.C. 254n and applicable IHS policies are met. The release is applicable to service obligations incurred under either or both the: (1) Public Health and Indian Health Scholarship Training Program (Section 225 of the Public Health Service Act as in effect on September 30, 1977), and (2) the Indian Health Scholarship Program (Section 751 of the Public Health Service Act as in effect on August 12, 1981, prior to its amendment and redesignation as Section 338A of the Public Health Service Act.)

**Section B -- Obligations of the Applicant**

The applicant agrees to:

1. Accept the scholarship award provided by the Secretary under Section A(1) of this contract for the school year 2012-2013.

2. Maintain full-time or part-time enrollment as determined by the Secretary until completion of the course of study for which the scholarship award is provided.

3. Maintain an acceptable level of academic standing while enrolled in the course of study for which the scholarship award is provided.

4. Serve his or her period of obligated service by providing health services, as determined by the Secretary, in the Indian Health Service:
   a. In the full-time practice of his or her health profession, defined as 40 hours per week or 80 hours per 2 weeks with no less than 32 hours per week or 64 hours per two weeks, providing direct clinical services (as applicable) as a commissioned officer in the Regular or Reserve Corps of the Public Health Service, a civilian employee of the United States, or an individual who is not an employee of the United States, providing service in the Indian Health Service, in a program conducted under a contract under the Indian Self Determination Act, in a program assisted under Title V of the Indian Health Care Improvement Act, such practice is situated in a physician or other health professional shortage area, designated under Section 332, and addresses the health care needs of a substantial number of Indians; except that scholarship recipients may at their election serve in one of the above programs that is located on the reservation of the tribe in which the recipient is enrolled; or serves the tribe in which the recipient is enrolled; or
   b. In the full-time private practice option of his or her health profession under a Private Practice option agreement (Section 338C of the Act) in a Health Manpower Shortage Area for which designation under Section 332 of the Act has been validated by the Secretary with the applicant's understanding that the full-time private practice option if subject to IHS primary responsibility to fill vacancies within IHS and, in particular, IHS priority sites. Only after IHS vacancies are filled will the applicant receive consideration for the other placement options. In a full-time private practice option, must serve in a health professions shortage area serving over 75% of American Indians and Alaskan Natives. This only applies to physicians, dentists, and clinical psychologists.

5. Serve one year of obligated service for each year the scholarship award is provided, or two years, whichever is greater.

6. Apply for and undertake placement in, accord with established placement policies and procedures.

7. Comply with provisions of Title 42, Code of Federal Regulations.

8. The applicant accepts the right of the Director, IHS to make final decisions regarding assignment of scholarship recipients to fulfill their payback obligation.

**Section C -- Breach of Scholarship Contract**

If the applicant:

1. Fails to maintain an acceptable level of academic standing in the course of study for which the scholarship award is provided, or voluntarily terminates academic training, or is dismissed from the educational institution for disciplinary reasons, the applicant shall, instead of performing the service obligation incurred under this contract, repay to the United States all funds paid to the applicant and to the educational institution under this contract. Payment of this amount must be made within 3 years of the date the participant becomes liable to make payment under this paragraph. Obligors who fail to complete their academic training or course of study for which the scholarship is provided, for the reasons described herein, may not substitute another academic training or course of study in order to fulfill any obligation incurred under this agreement. However, obligors who obtain approval from the Director prior to breach of their scholarship contract, may change their academic training or course of study for which the scholarship is provided. The obligors newly approved training or course of study will substitute as the professional discipline in which the obligor serves his or her service obligation.

2. Fails to begin or complete the period of obligated service incurred under this contract for any reason other than those in paragraph 1 of this section, the United States shall be entitled to recover an amount equal to three times the scholarship funds awarded, plus interest, as determined by the formula

$$A = 3\emptyset \frac{(t-s)}{t}$$

In which:
'A'   is the amount the United States is entitled to recover,
'Ø'   is the sum of amounts paid to or on behalf of the applicant and the interest on such amounts which would be payable if at the time the amounts were paid they were loans bearing interest at the maximum legal prevailing rate, as determined by the Treasurer of the United States,
't'   is the total number of months in the applicant's period of obligated service, and
's'   is the number of months of such period served by the applicant in accordance with Section 338B of the Act or with a written agreement under Section 338C of the Act.

The amount the United States is entitled to recover shall be paid within one year of the date the Secretary determines that the applicant has failed to begin or complete the period of obligated service and may include all collection costs including any litigation costs.

**Section D -- Creditability of Graduate Training Toward the Period of Obligated Service**

1. No credit of time for internship, residency, or other advanced clinical training will be counted toward satisfying the period of obligated service incurred under this contract.

**Section E -- Cancellation, Suspension, and Waiver of Obligation**

1. Any service or payment obligation incurred by the applicant under this contract will be canceled upon the applicant's death.

2. The Secretary may waive or suspend the applicant's service or payment obligation incurred under this contract if:
   a. compliance by the applicant with the terms and conditions of this contract is impossible or would involve extreme hardship, and
   b. enforcement of such obligation would be unconscionable.

**Section F -- Contract Extension**

1. The applicant may annually request extension of this contract, for a period not to exceed 12 months, if the request is submitted in accordance with procedure established by the Secretary.

2. Subject to the availability of funds appropriated by the Congress of the United States for the Scholarship Program and the IHS, the Secretary shall approve request for contract extension if:
   a. the request does not extend the total period of scholarship award beyond four years, and
   b. the applicant is otherwise eligible for continued participation in the Scholarship Program

**Section G -- Documents Incorporated by Reference**

The Indian Health Service Scholarship Program (IHSSP) Student Handbook and the IHSSP Applicant Information-Instruction Booklet are incorporated by reference into this agreement.

The Secretary or his/her authorized representative must sign this contract before it becomes effective.

**Exhibit A**

| Applicant Name (Please Print) | Applicant's Signature | Date |
|---|---|---|
| Cynthia D Poblano | Cynthia D Poblano | 8/13/12 |

| Secretary of Health and Human Services | | Date |
|---|---|---|
| | 08 AS | 10/6/12 |

IHS-818 (4/12)                                                                 EF

| INDIAN HEALTH SCHOLARSHIP PROGRAM CONTRACT<br>SCHOOL YEAR 2013-2014<br>HEALTH PROFESSIONS | U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES<br>PUBLIC HEALTH SERVICE<br>INDIAN HEALTH SERVICE |
|---|---|

Section 104 of the Indian Health Care Amendments of 1988 authorizes the Secretary of Health and Human Services ("Secretary"), acting through the Indian Health Service, to provide applicants selected to be participants in the Indian Health Service Scholarship Program ("Scholarship Program") with scholarship awards as established under Section 338A. In return for awards, applicants must agree to provide health services in a manner determined by the Secretary for a period of obligated service equal to one year for each year of scholarship award received, or two years, whichever is greater. Section 338A requires applicants to submit with their applications a signed contract stating the terms and conditions of participation in the Scholarship Program. The Secretary shall sign only those contracts submitted by applicants who are selected for participation.

The terms and conditions of participating in the Scholarship Program for the 2013-2014 school year are set forth below.

Subject to the availability of funds appropriated by the Congress of the United States for the Scholarship Program and the Indian Health Service ("IHS"), the Secretary agrees to:

1. Provide the undersigned applicant ("applicant") with a scholarship award for the school year 2013-2014 during which the applicant:
   a. is enrolled, or is accepted for enrollment in an accredited (as determined by the Secretary) educational institution in one of the several States, the District of Columbia, the Commonwealth of Puerto Rico, the Commonwealth of the Northern Mariana Islands, the Virgin Islands, Guam, or American Samoa, and
   b. is pursuing a course of study leading to a degree in medicine, osteopathy, dentistry, or other health profession which has been approved by the Secretary for participation in the Scholarship Program.

   The scholarship may consist of payments, in whole or in part, for tuition, an amount of all other reasonable educational expenses incurred by the student, and a monthly stipend for the 12-month period beginning with the first month of each school year in which the applicant is a participant in the Scholarship Program.

2. Utilize the applicant to provide health services in accordance with Section B(4) of this contract.

3. Defer performance of an applicant's period of obligated service if the applicant: (1) receives a degree from a school of medicine, osteopathy, dentistry, nursing, optometry, podiatry or pharmacy, and (2) requests a deferment of this period to complete internship, residency or other advanced clinical training. The period of deferment may not exceed: (1) five years for applicants receiving a degree from schools of medicine, osteopathy, podiatry, social work, or clinical psychology, or (2) one year for applicants receiving a degree from schools of dentistry, nursing, optometry, or pharmacy. The Secretary may, however, extend this period of deferment if the Secretary determines that the extension is consistent with the needs of the IHS.

4. Release the Applicant from all or part of his or her service obligation to enter into the full-time private practice of the applicant's health profession where the provisions of Section 338C of the Public Health Service Act, 42 U.S.C. 254n and applicable IHS policies are met. The release is applicable to service obligations incurred under either or both the: (1) Public Health and Indian Health Scholarship Training Program (Section 225 of the Public Health Service Act as in effect on September 30, 1977), and (2) the Indian Health Scholarship Program (Section 751 of the Public Health Service Act as in effect on August 12, 1981, prior to its amendment and redesignation as Section 338A of the Public Health Service Act.).

**Section B -- Obligations of the Applicant**

The applicant agrees to:

1. Accept the scholarship award provided by the Secretary under Section A(1) of this contract for the school year 2013-2014.

2. Maintain full-time or part-time enrollment as determined by the Secretary until completion of the course of study for which the scholarship award is provided.

3. Maintain an acceptable level of academic standing while enrolled in the course of study for which the scholarship award is provided.

4. Serve his or her period of obligated service by providing health services, as determined by the Secretary, in the Indian Health Service:
   a. In the full-time practice of his or her health profession, defined as 40 hours per week or 80 hours per 2 weeks with no less than 32 hours per week or 64 hours per two weeks, providing direct clinical services (as applicable) as a commissioned officer in the Regular or Reserve Corps of the Public Health Service, a civilian employee of the United States, or an individual who is not an employee of the United States, providing service in the Indian Health Service, in a program conducted under a contract entered under the Indian Self Determination Act, in a program situated under Title V of the Indian Health Care Improvement Act, such practice is situated in a physician or other health professional shortage area, designated under Section 332, and addresses the health care needs of a substantial number of Indians; except that scholarship recipients may at their election serve in one of the above programs that is located on the reservation of the tribe in which the recipient is enrolled; or serves the tribe in which the recipient is enrolled; or
   b. In the full-time private practice option of his or her health profession under a Private Practice option agreement (Section 338C of the Act) in a Health Manpower Shortage Area for which designation under Section 332 of the Act has been validated by the Secretary with the applicant's understanding that the full-time private practice option is subject to IHS primary responsibility to fill vacancies within IHS and, in particular, IHS priority sites. Only after IHS vacancies are filled will the applicant receive consideration for the other placement options. In a full-time private practice option, must serve in a health professions shortage area serving over 75% of American Indians and Alaskan Natives. This only applies to physicians, dentists, and clinical psychologists.

5. Serve one year of obligated service for each year the scholarship is provided, or two years, whichever is greater.

6. Apply for and undertake placement in accord with established placement policies and procedures.

7. Comply with provisions of Title 42, Code of Federal Regulations.

8. The applicant accepts the right of the Director, IHS to make final decisions regarding assignment of scholarship recipients to fulfill their payback obligation.

**Section C -- Breach of Scholarship Contract**

If the applicant:

1. Fails to maintain an acceptable level of academic standing in the course of study for which the scholarship award is provided, or voluntarily terminates academic training, or is dismissed from the educational institution for disciplinary reasons, the applicant shall, instead of performing the service obligation incurred under this contract, repay to the United States all funds paid to the applicant and to the educational institution under this contract. Payment of this amount must be made within 3 years of the date the participant becomes liable to make payment under this paragraph. Obligors who fail to complete their academic training or course of study for which the scholarship is provided, for the reasons described herein, may not substitute another academic training or course of study in order to fulfill any obligation incurred under this agreement. However, obligors who obtain approval from the Director prior to breach of their scholarship contract, may change their academic training or course of study for which the scholarship is provided. The obligors newly approved training or course of study will substitute as the professional discipline in which the obligor serves his or her service obligation.

2. Fails to begin or complete the period of obligated service incurred under this contract for any reason other than those in paragraph 1 of this section, the United States shall be entitled to recover an amount equal to three times the scholarship funds awarded, plus interest, as determined by the formula

$$A = 3\emptyset \frac{(t-s)}{t}$$

In which:
'A'   is the amount the United States is entitled to recover,
'$\emptyset$'   is the sum of amounts paid to or on behalf of the applicant and the interest on such amounts which would be payable if at the time the amounts were paid they were loans bearing interest at the maximum legal prevailing rate, as determined by the Treasurer of the United States,
't'   is the total number of months in the applicant's period of obligated service, and
's'   is the number of months of such period served by the applicant in accordance with Section 338B of the Act or with a written agreement under Section 338C of the Act.

The amount the United States is entitled to recover shall be paid within one year of the date the Secretary determines that the applicant has failed to begin or complete the period of obligated service and may include all collection costs including any litigation costs.

**Section D -- Creditability of Graduate Training Toward the Period of Obligated Service**

1. No credit of time for internship, residency, or other advanced clinical training will be counted toward satisfying the period of obligated service incurred under this contract.

**Section E -- Cancellation, Suspension, and Waiver of Obligation**

1. Any service or payment obligation incurred by the applicant under this contract will be canceled upon the applicant's death.

2. The Secretary may waive or suspend the applicant's service or payment obligation incurred under this contract if:
   a. compliance by the applicant with the terms and conditions of this contract is impossible or would involve extreme hardship, and
   b. enforcement of such obligation would be unconscionable.

**Section F -- Contract Extension**

1. The applicant may annually request extension of this contract, for a period not to exceed 12 months, if the request is submitted in accordance with procedure established by the Secretary.

2. Subject to the availability of funds appropriated by the Congress of the United States for the Scholarship Program and the IHS, the Secretary shall approve request for contract extension if:
   a. the request does not extend the total period of scholarship award beyond four years, and
   b. the applicant is otherwise eligible for continued participation in the Scholarship Program

**Section G -- Documents Incorporated by Reference**

The Indian Health Service Scholarship Program (IHSSP) Student Handbook and the IHSSP Applicant Information-Instruction Booklet are incorporated by reference into this agreement.

JUL 2 9 2013

The Secretary or his/her authorized representative must sign this contract before it becomes effective.

Exhibit B

| Applicant Name (Please Print) | Applicant's Signature | |
|---|---|---|
| Cynthia D. POBlano | Cynthia D. POBlano | 7/23/13 |
| Secretary of Health and Human Services | | Date |
| R Rahn MS | ACT. DIR, DHPS | 8/14/13 |

IHS-818 (5/13)



| INDIAN HEALTH SCHOLARSHIP PROGRAM CONTRACT<br>SCHOOL YEAR 2014 - 2015<br>HEALTH PROFESSIONS | U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES<br>PUBLIC HEALTH SERVICE<br>INDIAN HEALTH SERVICE |
| --- | --- |

Section 104 of the Indian Health Care Amendments of 1988 authorizes the Secretary of Health and Human Services ("Secretary"), acting through the Indian Health Service, to provide applicants selected to be participants in the Indian Health Service Scholarship Program ("Scholarship Program") with scholarship awards as established under Section 338A. In return for awards, applicants must agree to provide health services in a manner determined by the Secretary for a period of obligated service equal to one year for each year of scholarship award received, or two years, whichever is greater. Section 338A requires applicants to submit with their applications a signed contract stating the terms and conditions of participation in the Scholarship Program. The Secretary shall sign only those contracts submitted by applicants who are selected for participation.

The terms and conditions of participating in the Scholarship Program for the 2014-2015 school year are set forth below.

**Section A – Obligations of the Secretary**

Subject to the availability of funds appropriated by the Congress of the United States for the Scholarship Program and the Indian Health Service ("IHS"), the Secretary agrees to:

1. Provide the undersigned applicant ("applicant") with a scholarship award for the school year 2014-2015 during which the applicant:
   a. is enrolled, or is accepted for enrollment in an accredited (as determined by the Secretary) educational institution in one of the several States, the District of Columbia, the Commonwealth of Puerto Rico, the Commonwealth of the Northern Mariana Islands, the Virgin Islands, Guam, or American Samoa, and
   b. is pursuing a course of study leading to a degree in medicine, osteopathy, dentistry, or other health profession which has been approved by the Secretary for participation in the Scholarship Program.
   The scholarship award may consist of payments, in whole or in part, for tuition, an amount of all other reasonable educational expenses incurred by the student, and a monthly stipend for the 12-month period beginning with the first month of each school year in which the applicant is a participant in the Scholarship Program.
2. Utilize the applicant to provide health services in accordance with Section B(4) of this contract.
3. Defer performance of an applicant's period of obligated service if the applicant: (1) receives a degree from a school of medicine, osteopathy, dentistry, nursing, optometry, podiatry, pharmacy, clinical psychology or social work and (2) requests a deferment of this period to complete internship, residency or advanced clinical training. The period of deferment may not exceed: (1) five years for applicants receiving a degree from schools of medicine or osteopathy, (2) three years for applicants receiving a degree in podiatry, social work, or clinical psychology, or (3) one year for applicants receiving a degree from schools of dentistry, nursing, optometry, or pharmacy. The Secretary may, however, extend this period of deferment if the Secretary determines that the extension is consistent with the needs of the IHS.
4. Release the Applicant from all or part of his or her service obligation to enter into the full-time private practice of the applicant's health profession where the provisions of Section 338C of the Public Health Service Act, 42 U.S.C. 254n and applicable IHS policies are met. The release is applicable to service obligations incurred under either or both the: (1) Public Health and Indian Health Scholarship Training Program (Section 225 of the Public Health Service Act as in effect on September 30, 1977), and (2) the Indian Health Scholarship Program (Section 751 of the Public Health Service Act as in effect on August 12, 1981, prior to its amendment and redesignation as Section 338A of the Public Health Service Act).

**Section B – Obligations of the Applicant**

The applicant agrees to:

1. Accept the scholarship award provided by the Secretary under Section A(1) of this contract for the school year 2014-2015.
2. Maintain full-time or part-time enrollment as determined by the Secretary until completion of the course of study for which the scholarship award is provided.
3. Maintain an acceptable level of academic standing while enrolled in the course of study for which the scholarship award is provided.
4. Serve his or her period of obligated service by providing health services, as determined by the Secretary, in the Indian Health Service:
   a. In the full-time practice of his/her profession, defined as 40 hours per week or 80 hours per 2 weeks with no less than 32 hours per week or 64 hours per two weeks, providing direct clinical services (as applicable) as a commissioned officer in the Regular or Reserve Corps of the U.S. Public Health Service, a civilian employee of the United States, or an individual who is not an employee of the United States, providing service in the Indian Health Service, in a program conducted under a contract entered under the Indian Self Determination Act, in a program assisted under Title V of the Indian Health Care Improvement Act, such practice is situated in a physician or other health professional shortage area, designated under Section 332, and addresses the health care needs of a substantial number of Indians; except that scholarship recipients may at their election serve in one of the above programs that is located on the reservation of the tribe in which the recipient is enrolled; or serves the tribe in which the recipient is enrolled; or
   b. In the full-time private practice option of his or her health profession under a Private Practice option agreement (Section 338C of the Act) in a Health Manpower Shortage Area for which designation under Section 332 of the Act has been validated by the Secretary with the applicant's understanding that the full-time private practice option is subject to IHS primary responsibility to fill vacancies within IHS and, in particular, IHS priority sites. Only after IHS vacancies are filled will the applicant receive consideration for the other placement options. In a full-time private practice option, must serve in a health professions shortage area serving over 75% of American Indians and Alaskan Natives. This only applies to physicians, dentists, and clinical psychologists.
5. Serve one year of obligated service for each year the scholarship award is provided, or two years, whichever is greater.
6. Apply for and undertake placement in accord with established placement policies and procedures.
7. Comply with provisions of Title 42, Code of Federal Regulations.
8. The applicant accepts the right of the Director, IHS to make final decisions regarding assignment of scholarship recipients to fulfill their payback obligation.

**Section C – Breach of Scholarship Contract**

If the applicant:

1. Fails to maintain an acceptable level of academic standing in the course of study for which the scholarship award is provided, or voluntarily terminates academic training, or is dismissed from the educational institution for disciplinary reasons, the applicant shall, instead of performing the service obligation incurred under this contract, repay to the United States all funds paid to the applicant and to the educational institution under this contract. Payment of this amount must be made within 3 years of the date the participant becomes liable to make payment under this paragraph. Obligors who fail to complete their academic training or course of study for which the scholarship is provided, for the reasons described herein, may not substitute another academic training or course of study in order to fulfill any obligation incurred under this agreement. However, obligors who obtain approval from the Director prior to breach of their scholarship contract, may change their academic training or course of study for which the scholarship is provided. The obligors newly approved training or course of study will substitute as the professional discipline in which the obligor serves his or her service obligation.
2. Fails to begin or complete the period of obligated service incurred under this contract for any reason other than those in paragraph 1 of this section, the United States shall be entitled to recover an amount equal to three times the scholarship funds awarded, plus interest, as determined by the formula

$$A = 3 \emptyset \frac{(t - s)}{t}$$

In which:
'A'   is the amount the United States is entitled to recover,
Ø   is the sum of amounts paid to or on behalf of the applicant and the interest on such amounts which would be payable if at the time the amounts were paid they were loans bearing interest at the maximum legal prevailing rate, as determined by the Treasurer of the United States,
't'   is the total number of months in the applicant's period of obligated service, and
's'   is the number of months of such period served by the applicant in accordance with Section 338B of the Act or with a written agreement under Section 338C of the Act.

The amount the United States is entitled to recover shall be paid within one year of the date the Secretary determines that the applicant has failed to begin or complete the period of obligated service and may include all collection costs including any litigation costs.

**Section D – Creditability of Graduate Training Toward the Period of Obligated Service**

1. No credit of time for internship, residency, or other advanced clinical training will be counted toward satisfying the period of obligated service incurred under this contract.

**Section E – Cancellation, Suspension, and Waiver of Obligation**

1. Any service or payment obligation incurred by the applicant under this contract will be canceled upon the applicant's death.
2. The Secretary may waive or suspend the applicant's service or payment obligation incurred under this contract if:
   a. compliance by the applicant with the terms and conditions of this contract is impossible or would involve extreme hardship, and
   b. enforcement of such obligation would be unconscionable.

**Section F – Contract Extension**

1. The applicant may annually request extension of this contract, for a period not to exceed 12 months, if the request is submitted in accordance with procedure established by the Secretary.
2. Subject to the availability of funds appropriated by the Congress of the United States for the Scholarship Program and the IHS, the Secretary shall approve request for contract extension if:
   a. the request does not extend the total period of scholarship award beyond four years, and
   b. the applicant is otherwise eligible for continued participation in the Scholarship Program

**Section G – Documents Incorporated by Reference**

The Indian Health Service Scholarship Program (IHSSP) Student Handbook and the IHSSP Applicant Information-Instruction Booklet are incorporated by reference into this agreement.

The Secretary or his/her authorized representative must sign this contract before it becomes effective.

| Applicant Name (Please Print) | Applicant's Signature | Date |
| --- | --- | --- |
| Cynthia D. Poblano | Cynthia D. Poblano | 07/25/14 |
| Secretary of Health and Human Services | | Date |

Exhibit C

EF

| Voucher Num | Supplier | Site | Invoice Date | Inv Received Date | Invoice Num | Invoice Amount | Descrip | Terms | Payment Methc | Pay Group | [ ] | GL Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 94-LYCEUM-0{ | PABLANO, SCHOLAF | | 31-Aug-12 | 8/31/2012 0:00 | 2.01224E+25 | 25 | HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST | LYCEUM. | 31-Aug-12 |
| 94-LYCEUM-0{ | PABLANO, SCHOLAF | | 31-Aug-12 | 8/31/2012 0:00 | 2.01224E+25 | 2260 | HHS LYC | NET 5P | Electronic | HQE-IHS-ST | LYCEUM. | 31-Aug-12 |
| 94-LYCEUM-0! | PABLANO, SCHOLAF | | 26-Sep-12 | 9/26/2012 0:00 | 2.01227E+25 | 725 | HHS LYC | NET 5P | Electronic | HQE-IHS-ST | LYCEUM. | 26-Sep-12 |
| 94-LYCEUM-0! | PABLANO, SCHOLAF | | 26-Sep-12 | 9/26/2012 0:00 | 2.01227E+25 | 25 | HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST | LYCEUM. | 26-Sep-12 |
| 94-LYCEUM-1( | PABLANO, SCHOLAF | | 31-Oct-12 | 10/31/2012 0:00 | 2.01231E+25 | 25 | HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST | LYCEUM. | 31-Oct-12 |
| 94-LYCEUM-1( | PABLANO, SCHOLAF | | 31-Oct-12 | 10/31/2012 0:00 | 2.01231E+25 | 725 | HHS LYC | NET 5P | Electronic | HQE-IHS-ST | LYCEUM. | 31-Oct-12 |
| 94-LYCEUM-1: | PABLANO, SCHOLAF | | 29-Nov-12 | 11/29/2012 0:00 | 2.01233E+25 | 25 | HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST | LYCEUM. | 29-Nov-12 |
| 94-LYCEUM-1: | PABLANO, SCHOLAF | | 29-Nov-12 | 11/29/2012 0:00 | 2.01233E+25 | 725 | HHS LYC | NET 5P | Electronic | HQE-IHS-ST | LYCEUM. | 29-Nov-12 |
| 94-LYCEUM-1: | PABLANO, SCHOLAF | | 21-Dec-12 | 12/21/2012 0:00 | 2.01236E+25 | 25 | HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST | LYCEUM. | 21-Dec-12 |
| 94-LYCEUM-1: | PABLANO, SCHOLAF | | 21-Dec-12 | 12/21/2012 0:00 | 2.01236E+25 | 725 | HHS LYC | NET 5P | Electronic | HQE-IHS-ST | LYCEUM. | 21-Dec-12 |
| 94-LYCEUM-0: | PABLANO, SCHOLAF | | 30-Jan-13 | 1/30/2013 0:00 | 2.01303E+25 | 25 | HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST | LYCEUM. | 30-Jan-13 |
| 94-LYCEUM-0: | PABLANO, SCHOLAF | | 30-Jan-13 | 1/30/2013 0:00 | 2.01303E+25 | 725 | HHS LYC | NET 5P | Electronic | HQE-IHS-ST | LYCEUM. | 30-Jan-13 |
| 94-LYCEUM-0: | PABLANO, SCHOLAF | | 27-Feb-13 | 2/27/2013 0:00 | 2.01306E+25 | 24 | HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST | LYCEUM. | 27-Feb-13 |
| 94-LYCEUM-0: | PABLANO, SCHOLAF | | 27-Feb-13 | 2/27/2013 0:00 | 2.01306E+25 | 726 | HHS LYC | NET 5P | Electronic | HQE-IHS-ST | LYCEUM. | 27-Feb-13 |
| 94-LYCEUM-0: | PABLANO, SCHOLAF | | 28-Mar-13 | 3/28/2013 0:00 | 2.01309E+25 | 24 | HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST | LYCEUM. | 28-Mar-13 |
| 94-LYCEUM-0: | PABLANO, SCHOLAF | | 28-Mar-13 | 3/28/2013 0:00 | 2.01309E+25 | 726 | HHS LYC | NET 5P | Electronic | HQE-IHS-ST | LYCEUM. | 28-Mar-13 |
| 94-LYCEUM-0< | PABLANO, SCHOLAF | | 26-Apr-13 | 4/26/2013 0:00 | 2.01312E+25 | 726 | HHS LYC | NET 5P | Electronic | HQE-IHS-ST | LYCEUM. | 26-Apr-13 |
| 94-LYCEUM-0< | PABLANO, SCHOLAF | | 26-Apr-13 | 4/26/2013 0:00 | 2.01312E+25 | 24 | HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST | LYCEUM. | 26-Apr-13 |
| 94-LYCEUM-0! | PABLANO, SCHOLAF | | 30-May-13 | 5/30/2013 0:00 | 2.01315E+25 | 726 | HHS LYC | NET 5P | Electronic | HQE-IHS-ST | LYCEUM. | 30-May-13 |
| 94-LYCEUM-0! | PABLANO, SCHOLAF | | 30-May-13 | 5/30/2013 0:00 | 2.01315E+25 | 24 | HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST | LYCEUM. | 30-May-13 |
| 94-LYCEUM-0( | PABLANO, SCHOLAF | | 27-Jun-13 | 6/27/2013 0:00 | 2.01318E+25 | 24 | HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST | LYCEUM. | 27-Jun-13 |
| 94-LYCEUM-0( | PABLANO, SCHOLAF | | 27-Jun-13 | 6/27/2013 0:00 | 2.01318E+25 | 726 | HHS LYC | NET 5P | Electronic | HQE-IHS-ST | LYCEUM. | 27-Jun-13 |
| 94-LYCEUM-0: | PABLANO, SCHOLAF | | 30-Jul-13 | 7/30/2013 0:00 | 2.01321E+25 | 726 | HHS LYC | NET 5P | Electronic | HQE-IHS-ST | LYCEUM. | 30-Jul-13 |
| 94-LYCEUM-0: | PABLANO, SCHOLAF | | 30-Jul-13 | 7/30/2013 0:00 | 2.01321E+25 | 24 | HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST | LYCEUM. | 30-Jul-13 |
| 94-LYCEUM-0{ | PABLANO, SCHOLAF | | 29-Aug-13 | 8/29/2013 0:00 | 2.01324E+25 | 2461 | HHS LYC | NET 5P | Electronic | HQE-IHS-ST | LYCEUM. | 29-Aug-13 |
| 94-LYCEUM-0{ | PABLANO, SCHOLAF | | 29-Aug-13 | 8/29/2013 0:00 | 2.01324E+25 | 24 | HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST | LYCEUM. | 29-Aug-13 |
| 94-LYCEUM-0! | PABLANO, SCHOLAF | | 26-Sep-13 | 9/26/2013 0:00 | 2.01327E+25 | 24 | HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST | LYCEUM. | 26-Sep-13 |
| 94-LYCEUM-0! | PABLANO, SCHOLAF | | 26-Sep-13 | 9/26/2013 0:00 | 2.01327E+25 | 726 | HHS LYC | NET 5P | Electronic | HQE-IHS-ST | LYCEUM. | 26-Sep-13 |
| 94-LYCEUM-1( | PABLANO, SCHOLAF | | 30-Oct-13 | 10/30/2013 0:00 | 2.0133E+25 | 726 | HHS LYC | NET 5P | Electronic | HQE-IHS-ST | LYCEUM. | 30-Oct-13 |
| 94-LYCEUM-1( | PABLANO, SCHOLAF | | 30-Oct-13 | 10/30/2013 0:00 | 2.0133E+25 | 24 | HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST | LYCEUM. | 30-Oct-13 |
| 94-LYCEUM-1: | PABLANO, SCHOLAF | | 26-Nov-13 | 11/26/2013 0:00 | 2.01333E+25 | 726 | HHS LYC | NET 5P | Electronic | HQE-IHS-ST | LYCEUM. | 26-Nov-13 |
| 94-LYCEUM-1: | PABLANO, SCHOLAF | | 26-Nov-13 | 11/26/2013 0:00 | 2.01333E+25 | 24 | HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST | LYCEUM. | 26-Nov-13 |
| 94-LYCEUM-1: | PABLANO, SCHOLAF | | 27-Dec-13 | 12/27/2013 0:00 | 2.01336E+25 | 24 | HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST | LYCEUM. | 27-Dec-13 |
| 94-LYCEUM-1: | PABLANO, SCHOLAF | | 27-Dec-13 | 12/27/2013 0:00 | 2.01336E+25 | 726 | HHS LYC | NET 5P | Electronic | HQE-IHS-ST | LYCEUM. | 27-Dec-13 |
| 94-LYCEUM-0: | PABLANO, SCHOLAF | | 29-Jan-14 | 1/29/2014 0:00 | 2.01403E+25 | 726 | HHS LYC | NET 5P | Electronic | HQE-IHS-ST | LYCEUM. | 29-Jan-14 |
| 94-LYCEUM-0: | PABLANO, SCHOLAF | | 29-Jan-14 | 1/29/2014 0:00 | 2.01403E+25 | 24 | HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST | LYCEUM. | 29-Jan-14 |
| 94-LYCEUM-0: | PABLANO, SCHOLAF | | 27-Feb-14 | 2/27/2014 0:00 | 2.01406E+25 | 727 | HHS LYC | NET 5P | Electronic | HQE-IHS-ST | LYCEUM. | 27-Feb-14 |
| 94-LYCEUM-0: | PABLANO, SCHOLAF | | 27-Feb-14 | 2/27/2014 0:00 | 2.01406E+25 | 23 | HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST | LYCEUM. | 27-Feb-14 |
| 94-LYCEUM-0: | PABLANO, SCHOLAF | | 28-Mar-14 | 3/28/2014 0:00 | 2.01409E+25 | 23 | HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST | LYCEUM. | 28-Mar-14 |



Exhibit D

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 94-LYCEUM-0: | PABLANO, SCHOLAF | 28-Mar-14 | 3/28/2014 0:00 | 2.01409E+25 | 727 HHS LYC | NET 5P | Electronic | HQE-IHS-ST LYCEUM. | 28-Mar-14 |
| 94-LYCEUM-0- | PABLANO, SCHOLAF | 29-Apr-14 | 4/29/2014 0:00 | 2.01412E+25 | 23 HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST LYCEUM. | 29-Apr-14 |
| 94-LYCEUM-0- | PABLANO, SCHOLAF | 29-Apr-14 | 4/29/2014 0:00 | 2.01412E+25 | 727 HHS LYC | NET 5P | Electronic | HQE-IHS-ST LYCEUM. | 29-Apr-14 |
| 94-LYCEUM-0! | PABLANO, SCHOLAF | 22-May-14 | 5/22/2014 0:00 | 2.01414E+25 | 727 HHS LYC | NET 5P | Electronic | HQE-IHS-ST LYCEUM. | 22-May-14 |
| 94-LYCEUM-0! | PABLANO, SCHOLAF | 22-May-14 | 5/22/2014 0:00 | 2.01414E+25 | 23 HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST LYCEUM. | 22-May-14 |
| 94-LYCEUM-0( | PABLANO, SCHOLAF | 26-Jun-14 | 6/26/2014 0:00 | 2.01418E+25 | 23 HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST LYCEUM. | 26-Jun-14 |
| 94-LYCEUM-0( | PABLANO, SCHOLAF | 26-Jun-14 | 6/26/2014 0:00 | 2.01418E+25 | 727 HHS LYC | NET 5P | Electronic | HQE-IHS-ST LYCEUM. | 26-Jun-14 |
| 94-LYCEUM-0: | PABLANO, SCHOLAF | 30-Jul-14 | 7/30/2014 0:00 | 2.01421E+25 | 23 HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST LYCEUM. | 30-Jul-14 |
| 94-LYCEUM-0( | PABLANO, SCHOLAF | 30-Jul-14 | 7/30/2014 0:00 | 2.01421E+25 | 727 HHS LYC | NET 5P | Electronic | HQE-IHS-ST LYCEUM. | 30-Jul-14 |
| 94-LYCEUM-08 | PABLANO, SCHOLAF | 29-Aug-14 | 8/29/2014 0:00 | 2.01424E+25 | 3125 HHS LYC | NET 5P | Electronic | HQE-IHS-ST LYCEUM. | 29-Aug-14 |
| 94-LYCEUM-08 | PABLANO, SCHOLAF | 29-Aug-14 | 8/29/2014 0:00 | 2.01424E+25 | 110 HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST LYCEUM. | 29-Aug-14 |
| 94-LYCEUM-08 | PABLANO, SCHOLAF | 26-Sep-14 | 9/26/2014 0:00 | 2.01427E+25 | 727 HHS LYC | NET 5P | Electronic | HQE-IHS-ST LYCEUM. | 26-Sep-14 |
| 94-LYCEUM-0! | PABLANO, SCHOLAF | 26-Sep-14 | 9/26/2014 0:00 | 2.01427E+25 | 23 HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST LYCEUM. | 26-Sep-14 |
| 94-LYCEUM-1( | PABLANO, SCHOLAF | 30-Oct-14 | 10/30/2014 0:00 | 2.0143E+25 | 727 HHS LYC | NET 5P | Electronic | HQE-IHS-ST LYCEUM. | 30-Oct-14 |
| 94-LYCEUM-1( | PABLANO, SCHOLAF | 30-Oct-14 | 10/30/2014 0:00 | 2.0143E+25 | 23 HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST LYCEUM. | 30-Oct-14 |
| 94-LYCEUM-1: | PABLANO, SCHOLAF | 25-Nov-14 | 11/25/2014 0:00 | 2.01433E+25 | 23 HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST LYCEUM. | 25-Nov-14 |
| 94-LYCEUM-1: | PABLANO, SCHOLAF | 25-Nov-14 | 11/25/2014 0:00 | 2.01433E+25 | 727 HHS LYC | NET 5P | Electronic | HQE-IHS-ST LYCEUM. | 25-Nov-14 |
| 94-LYCEUM-1. | PABLANO, SCHOLAF | 30-Dec-14 | 12/30/2014 0:00 | 2.01436E+25 | 23 HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST LYCEUM. | 30-Dec-14 |
| 94-LYCEUM-1: | PABLANO, SCHOLAF | 30-Dec-14 | 12/30/2014 0:00 | 2.01436E+25 | 727 HHS LYC | NET 5P | Electronic | HQE-IHS-ST LYCEUM. | 30-Dec-14 |
| 94-LYCEUM-0: | PABLANO, SCHOLAF | 29-Jan-15 | 1/29/2015 0:00 | 2.01503E+25 | 23 HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST LYCEUM. | 29-Jan-15 |
| 94-LYCEUM-0: | PABLANO, SCHOLAF | 29-Jan-15 | 1/29/2015 0:00 | 2.01503E+25 | 727 HHS LYC | NET 5P | Electronic | HQE-IHS-ST LYCEUM. | 29-Jan-15 |
| 94-LYCEUM-0: | PABLANO, SCHOLAF | 26-Feb-15 | 2/26/2015 0:00 | 2.01506E+25 | 23 HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST LYCEUM. | 26-Feb-15 |
| 94-LYCEUM-0: | PABLANO, SCHOLAF | 26-Feb-15 | 2/26/2015 0:00 | 2.01506E+25 | 727 HHS LYC | NET 5P | Electronic | HQE-IHS-ST LYCEUM. | 26-Feb-15 |
| 94-LYCEUM-0: | PABLANO, SCHOLAF | 27-Mar-15 | 3/27/2015 0:00 | 2.01509E+25 | 23 HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST LYCEUM. | 27-Mar-15 |
| 94-LYCEUM-0: | PABLANO, SCHOLAF | 27-Mar-15 | 3/27/2015 0:00 | 2.01509E+25 | 727 HHS LYC | NET 5P | Electronic | HQE-IHS-ST LYCEUM. | 27-Mar-15 |
| 94-LYCEUM-0- | PABLANO, SCHOLAF | 29-Apr-15 | 4/29/2015 0:00 | 2.01512E+25 | 23 HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST LYCEUM. | 29-Apr-15 |
| 94-LYCEUM-0- | PABLANO, SCHOLAF | 29-Apr-15 | 4/29/2015 0:00 | 2.01512E+25 | 727 HHS LYC | NET 5P | Electronic | HQE-IHS-ST LYCEUM. | 29-Apr-15 |
| 94-LYCEUM-0! | PABLANO, SCHOLAF | 28-May-15 | 5/28/2015 0:00 | 2.01515E+25 | 727 HHS LYC | NET 5P | Electronic | HQE-IHS-ST LYCEUM. | 28-May-15 |
| 94-LYCEUM-0! | PABLANO, SCHOLAF | 28-May-15 | 5/28/2015 0:00 | 2.01515E+25 | 23 HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST LYCEUM. | 28-May-15 |
| 94-LYCEUM-0( | PABLANO, SCHOLAF | 26-Jun-15 | 6/26/2015 0:00 | 2.01518E+25 | 727 HHS LYC | NET 5P | Electronic | HQE-IHS-ST LYCEUM. | 26-Jun-15 |
| 94-LYCEUM-0( | PABLANO, SCHOLAF | 26-Jun-15 | 6/26/2015 0:00 | 2.01518E+25 | 23 HHS LYC | IHS CLEARING | Clearing | HQE-IHS-ST LYCEUM. | 26-Jun-15 |

$32,005.00

| Voucher Num | Supplier | Site | Invoice Date | Inv Received Date | Invoice Num | Invoice Amount | Descrip | Terms | Payment Methc | Pay Group | [ ] | GL Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 94-CRB-11151 | WESTERN | 1856000 | 24-Sep-12 | 11/15/2012 0:00 | 201310-06 | 1181.68 | FALL 20 | IHS NET 30P | Electronic | HQE-IHS-TL | ........ | 15-Nov-12 |
| 94-CRB-02051 | WESTERN | 1856000 | 13-Dec-12 | 2/5/2013 0:00 | 201320-01 | 1141.68 | SPRING | IHS NET 30P | Electronic | HQE-IHS-TL | ........ | 5-Feb-13 |
| 94-CRB-11221 | WESTERN | 1856000 | 3-Sep-13 | 11/22/2013 0:00 | 201330-08 | 635.61 | SUMME | IHS NET 30P | Electronic | HQE-IHS-TL | ........ | 22-Nov-13 |
| 94-ACB-09171 | WESTERN | 1856000 | 3-Sep-13 | 9/17/2013 0:00 | 201410-01 | 1366.92 | C.Poblai | IHS NET 30P | Electronic | HQE-IHS-TL | ........ | 17-Sep-13 |
| 94-VEB-03071 | WESTERN | 7E+07 | 7-Jan-14 | 3/7/2014 0:00 | 201420-01 | 1516.92 | CYNTHI/ | IHS NET 30P | Electronic | HQE-IHS-TL | ........ | 7-Mar-14 |
| 94-KT-072414 | WESTERN | 7E+07 | 9-Jul-14 | 7/24/2014 0:00 | W00170342_S | 683.73 | Summer | IHS NET 30P | Electronic | HQE-IHS-TL | ........ | 24-Jul-14 |
| 94-VEB-11171 | WESTERN | 7E+07 | 24-Sep-14 | 11/17/2014 0:00 | 201510-08 | 1706.52 | CYNTHI/ | IHS NET 30P | Electronic | HQE-IHS-TL | ........ | 17-Nov-14 |

94-CRB-03121 WESTERN  7E+07        2-Feb-15    3/12/2015 0:00 201520-08        1661.52  CYNTHI/ IHS NET 30P    Electronic        HQE-IHS-TL ........        12-Mar-15

$9,894.58

 **DEPARTMENT OF HEALTH & HUMAN SERVICES**

**Program Support Center**

**Debt Collection Center**

## CERTIFICATE OF INDEBTEDNESS
*Indian Health Service Scholarship Program*

Cynthia Poblano
3186 Blue Hill Ave
Gallup, NM 87301
REF: 7-30180016
SSN: XXX-XX-4736

**Total debt due United States as of March 24, 2025: $268,195.20, (principal $125,698.74, interest $142,496.46).**

I certify that the Department of Health and Human Services' (HHS) records show that the individual named above is indebted to the United States in the amount stated above. Interest accrues on the principal amount of this debt at the fixed rate of 10.297% per annum. The interest accrues at $35.46 per day.

The Indian Health Service Scholarship Program (IHSSP) is authorized under Section 104 of the Indian Health Care Improvement Act (P.L. 94-437), codified at 25 U.S.C. § 1613a, to provide a stipend, tuition, fees, etc., for individuals who attend health profession schools and agree to serve upon graduation. In return for awards, applicants must agree to provide health services in an Indian health program for a period of obligated service equal to one year for each year of scholarship award received, with a minimum obligation of two years. Ms. Poblano received funds totaling $41,899.58.

Participants of the service obligated IHSSP who breach their contracts are subject to the conditions as stated in Title 25 U.S. Code § 1613a and the implementing regulations for that program, 42 CFR Part 136. Ms. Poblano signed IHSSP contracts on August 13, 2012, and July 23, 2013, and July 25, 2014, agreeing to comply with the obligations and responsibilities as outlined.

Because she did not complete the service obligation in compliance with her IHSSP contract, all funds paid to her or on her behalf, plus damages and interest calculated pursuant to 25 U.S.C. §§ 1613a(b)(5)(B) & 1616a(*l*), became a debt owed to the Federal Government. The debt was to be repaid within one year of the date of default which was January 31, 2018, and the debt became delinquent as of January 31, 2019. The interest rate charged was at the private consumer rate of interest and determined by the Secretary of Treasury.

By email dated September 20, 2017, IHS requested that Ms. Poblano provide a status update on obtaining her LCSW license. Ms. Poblano informed IHS, that she is working on obtaining the license for LMSW. In a subsequent email, IHS, requested that Ms. Poblano provide her graduation date, diploma, and official transcripts, so that her file can be kept up to date.



## PAGE 2 - CERTIFICATE OF INDEBTEDNESS – CYNTHIA POBLANO

On September 28, 2017, IHS contacted Ms. Poblano again, requesting that she provide her diploma and final official transcripts. She did not respond. Additionally, IHS sent her an email on January 31, 2018, that stated she was being placed in default due to exceeding the allotted time frame of 90 days from her graduation date to schedule and take the LMSW, a requirement prior to obtaining supervised clinical hours for LCSW licensure.

Ms. Poblano was notified by letter dated February 14, 2018, that she had been placed in default of the conditions of your IHS Scholarship award, and her debt would become due within one year of the default. She was instructed to establish the repayment of the debt within thirty days.

By letter dated March 23, 2019, Ms. Poblano was advised that her account had been referred to a private collection agency. She was notified that unless payment in full or an RA was concluded, the account would be referred to DOJ for enforced collection. She did not respond.

In a letter dated April 05, 2019, Ms. Poblano was advised that her account was delinquent. She was notified of HHS' intent to refer her debt to other Federal agencies for the purpose of administrative offset, which may include Federal tax refund offset, salary offset, wage garnishment, and other Federal or State Agencies payments. She was advised that paying the debt in full or entering into an RA would terminate administrative offset. She did not respond.

By letter dated June 10, 2019, HHS responded to Ms. Poblano's request for a waiver. HHS informed Ms. Poblano of its decision to deny her request, along with the criteria used to reach the decision. Additionally, the letter provided information on how to appeal the waiver denial.

Ms. Poblano appealed the waiver denial letter. IHS in an email dated October 30, 2019, requested additional information from the debtor for the IHS Waiver committee. In response via email on October 31, 2019, Ms. Poblano stated that she was preparing to take the exam in February 2020. By letter dated January 09, 2020, HHS informed Ms. Poblano of its decision for denying her appeal of waiver request. The letter informed the debtor that her application does not meet the criteria necessary for granting a partial or total waiver. However, the appeal does qualify her for a 6-month deferment. Furthermore, the letter stated that if she did not find employment after 6-months of deferment, debt collection will resume.

By letter dated January 31, 2020, Ms. Poblano was again informed that she had been granted a 6-month deferment effective January 09, 2020, based on her financial and employment status. The debtor was also informed that debt collection will resume on July 09, 2020.

The debtor reached out to IHS via email on June 22, 2020, with concerns pertaining to running into difficulties with scheduling the licensure examination. In the same email, the debtor requested for an extension. In an email dated June 23, 2020, IHS agreed to extend the deferment date to September 30, 2020. The debtor was instructed to provide documentation if the date needs to be extended again.

By email dated October 01, 2020, HHS reached out to the debtor to request documentation needed to conduct a financial review, a precursor to considering the debtor for a potential repayment agreement. On October 13, 2020, HHS confirmed receipt of the documents and informed the debtor a review will be conducted.

By email dated January 20, 2021, HHS requested additional documentations including but not limited to three most recent paystubs; educational expense statements or receipts; three months of recent mortgage statements and three months of most recent bank statements from the debtor. These additional documents were needed as part of the financial review for a repayment agreement. The debtor complied by providing documents via email on January 25, 2021.

## PAGE 3 - CERTIFICATE OF INDEBTEDNESS – CYNTHIA POBLANO

After the financial review was completed, HHS responded to the debtor via email on March 03, 2023, and recommended a monthly repayment in the amount of $1050.00 over 30 years. HHS informed the debtor that her request for a lower monthly repayment amount has been denied, due to several deductions that were disallowed.

Additional notifications and demand letters regarding the indebtedness was sent on the following dates: February 05, 2021, July 16, 2022, and November 23, 2023.

By letter dated March 18, 2024, Ms. Poblano was sent a final notice regarding the delinquent debt. She was advised that if payment was not received within thirty days, the debt would be referred to the DOJ for litigation. She did not respond.

By letter dated April 10, 2024, the debtor was informed of a recent audit of her account, which revealed an incorrect principal balance of $96,015.00 and incorrect interest rate of 10.271% was applied. The letter notified the debtor that the new and correct principal $125,698.74 and new interest rate of 10.297% have been applied to the account. She did not respond.

The following provides a breakdown of payments made on the debt:

| | | |
|---|---|---|
| Treasury Offset Payments | 09/04/2019 – 02/06/2020 | $2,515.69 |
| Voluntary Payments | 10/22/2020 – 01/27/2021 | $300.00 |
| Total | | $2,815.69 |

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment agreement. The debt is now being referred to the U.S. Department of Justice (DOJ), for enforced collection.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

Melodie Sanders -S
Digitally signed by Melodie Sanders -S
Date: 2025.03.31 07:52:07 -04'00'

_____

Date

Melodie R. Sanders
Chief, Debt Referral Section
Program Support Center
U.S. Department of Health and Human Services